**RECEIVED**

4/13/2020

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**20CV2306**

**JUDGE FEINERMAN**
~~MAGISTRATE~~ JUDGE FUENTES

| | |
|---|---|
| NORTH SHORE BANK, F.S.B.<br>15700 West Bluemound Road<br>Brookfield, WI 53005<br><br>       Plaintiff,<br><br>  v.<br><br>ROYAL SAVINGS BANK.<br>9226 South Commercial Avenue<br>Chicago, IL 60617<br><br>       Defendant. | Case No.<br><br>**FILED UNDER SEAL** |

## COMPLAINT

Plaintiff North Shore Bank, F.S.B. ("North Shore"), by its counsel, submits the following

as its Complaint against Defendant Royal Savings Bank, Inc. ("Royal").

### PARTIES, JURISDICTION AND VENUE

1.    North Shore is a federally chartered savings bank with its home office in

Brookfield, Wisconsin.  North Shore's principal place of business is located at 15700 West

Bluemound Road, Brookfield, WI 53005.

2.    Royal is an Illinois state-chartered savings bank with its home office in Chicago,

Illinois.  Royal's principal place of business is located at 9226 South Commercial Avenue,

Chicago, IL 60617.

3.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§ 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of

interest and costs, and is between citizens of different States.

4.     The Court has personal jurisdiction over Royal because Royal's principal place of business is located in the Northern District of Illinois and because Royal regularly transacts business in the Northern District of Illinois.

5.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

6.     In June 2019, North Shore published an informational memorandum titled "Project Prairie – Summary of Opportunity" (the "Project Prairie Memorandum"), which communicated North Shore's desire to sell certain assets and liabilities associated with two North Shore branches located in McHenry County, Illinois (the "Target Facilities").

7.     On August 23, 2019, Royal Financial, Inc. ("Royal Financial") and Royal—Royal Financial's wholly-owned subsidiary—responded to the Project Prairie Memorandum by sending North Shore a non-binding indication of interest to acquire the Target Facilities (the "Letter of Intent"). A true and correct copy of the Letter of Intent is attached to the Complaint as Exhibit A.

8.     In accordance with the exclusivity provision in the Letter of Intent, North Shore stopped soliciting additional offers to purchase the Target Facilities and stopped negotiating with entities that had already submitted an offer to purchase the Target Facilities.

9.     Following negotiations, on or around October 28, 2019, North Shore and Royal executed a Purchase and Assumption Agreement (the "Agreement") whereby Royal agreed to purchase from North Shore: (1) the Target Facilities; (2) certain assets used in or relating to the business conducted by North Shore attributable to the Target Facilities (the "Acquired Assets"); and (3) all of North Shore's obligations, duties and liabilities relating to deposit accounts

maintained by North Shore and attributable to the Target Facilities as of the closing date (the "Deposit Liabilities") (the "Acquisition"). A true and correct copy of the Agreement is attached to the Complaint as Exhibit B.

10. The Agreement contains a ▮▮▮▮▮▮▮▮ provision, which states:



(Ex. B, ¶ 13.13 (emphasis added).)

11. Between October 28, 2019 and April 10, 2020, North Shore committed significant time and resources to fulfilling its obligations under the Agreement in good faith, including, but not limited to:



■ ████████████████████████████████

████████████████████████████

■ ████████████████████████████████████

████████████████████████████

12.     On January 29, 2020, Royal, through counsel, sent a letter to North Shore's counsel addressing Royal's concerns regarding ███████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████ A true and correct copy of Royal's January 29, 2020 letter is attached to the Complaint as Exhibit C.

13.     None of the issues raised by Royal in its January 29, 2020 letter constitute violations of the Agreement or material adverse changes to the Target Facilities, the Acquired Assets or the Deposit Liabilities.

14.     On April 7, 2020, Royal, through counsel, sent a letter to North Shore's counsel claiming that various actions allegedly taken by North Shore had, according to Royal, violated the Agreement. Royal also claimed that certain material adverse changes had occurred with respect to the Target Facilities, the Acquired Assets and the Deposit Liabilities. A true and correct copy of the April 7, 2020 letter from Royal's counsel to North Shore's counsel is attached to the Complaint as Exhibit D.

15.     Royal concluded its April 7, 2020 letter by requesting information from North Shore regarding how North Shore intended to address the alleged violations and material adverse changes referenced in the letter:



(Ex. D at 3 (emphasis added).)

16.     None of the concerns raised by Royal in its April 7, 2020 letter, which included assertions of, among other things, █████████████████████████████ ████████████████████████████████████████ ████████████████ constitute violations of the Agreement or material adverse changes to the Target Facilities, the Acquired Assets or the Deposit Liabilities.  Rather than identifying actual breaches of the Agreement or material adverse changes, the April 7, 2020 letter appeared to be an effort by Royal to renegotiate the price of the purchase.

17.     On April 10, 2020, three days after Royal requested that North Shore provide it with information regarding how North Shore intended to address the alleged violations and material adverse changes referenced in the April 7, 2020 letter, Royal's President and Chief Executive Officer, Leonard Szwajkowski, sent a letter to North Shore's President and Chief Operating Officer, Jay McKenna, to inform North Shore that Royal was terminating the Agreement due to North Shore's alleged violations of the Agreement and certain alleged material adverse changes to the Target Facilities, the Acquired Assets or the Deposit Liabilities.  A true and correct copy of the April 10, 2020 letter from Mr. Szwajkowski to Mr. McKenna is attached to the Complaint as Exhibit E.

18.     None of the concerns raised by Royal in the April 10, 2020 letter constitute violations of the Agreement or material adverse changes to the Target Facilities, the Acquired Assets or the Deposit Liabilities.  The April 10, 2020 letter appeared to be an effort by Royal to evade its obligations under the Agreement after it was unsuccessful in attempting to renegotiate the terms of the Agreement.

19.     Because North Shore has fulfilled its obligations under the Agreement, Royal is contractually obligated to consummate the Agreement.

20.     The closing of the Acquisition is currently scheduled for May 1, 2020.  Due to certain requirements regarding the conversion of data, among other things, if the Acquisition does not close by May 1, 2020, it may be one to two months before North Shore and Royal are able to complete the Acquisition contemplated by the Agreement.

**COUNT I**
**BREACH OF CONTRACT (SPECIFIC PERFORMANCE)**

21.     North Shore repeats and realleges Paragraphs 1 through 20 of the Complaint as though fully set forth herein.

22.     The Agreement memorializes North Shore's offer to sell the Target Facilities, the Acquired Assets and the Deposit Liabilities to Royal, and Royal's acceptance of North Shore's offer subject to the terms and conditions of the Agreement.

23.     The Agreement is supported by valid consideration; including North Shore's sale of the Target Facilities, the Acquired Assets and the Deposit Liabilities in exchange for cash consideration from Royal.

24.     The Agreement's terms have been reduced to writing and are definite and certain.

25.     Thus, the Agreement is a valid, binding, and enforceable contract.

26.     North Shore performed all required conditions under the Agreement.

27.     Royal breached the Agreement by terminating the Agreement on April 10, 2020, thereby refusing to perform its part of the Agreement, even though North Shore has performed all required conditions under the Agreement.

28.     ████████████████████████████████████████████████████

████████████████████████████████████████████████████.

29.     Royal's breach of the Agreement will cause North Shore to suffer irreparable damage and additional amounts to be determined at trial.

30.     ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████.

31.     Royal's continuing breach of the Agreement entitles North Shore to an award of specific performance.

## COUNT II
## BREACH OF CONTRACT (DAMAGES)

32.     North Shore repeats and realleges Paragraphs 1 through 31 of the Complaint as though fully set forth herein.

33.     The Agreement memorializes North Shore's offer to sell the Target Facilities, the Acquired Assets and the Deposit Liabilities to Royal, and Royal's acceptance of North Shore's offer subject to the terms and conditions of the Agreement.

34.     The Agreement is supported by valid consideration; including North Shore's sale of the Target Facilities, the Acquired Assets and the Deposit Liabilities in exchange for cash consideration from Royal.

35.     The Agreement's terms have been reduced to writing and are definite and certain.

36.     North Shore performed all required conditions under the Agreement.

37.     Royal breached the Agreement by terminating the Agreement on April 10, 2020 even though North Shore has performed all required conditions under the Agreement.

38.     Royal's unjustified termination of the Agreement constitutes a continuing breach of the Agreement.

39.     In the event North Shore is denied an award of specific performance, Royal's continuing breach of the Agreement entitles North Shore, in the alternative, to money damages in an amount to be determined at trial.

## PRAYERS FOR RELIEF

WHEREFORE, North Shore prays for the following relief:

a.  A judgment in favor of North Shore that Royal has breached the Agreement;

b.  A preliminary and permanent injunction enjoining Royal from terminating the Agreement;

c.  An Order for specific performance requiring Royal to perform its obligations under the Agreement and to close the Acquisition under the Agreement by May 1, 2020;

d.  A award to North Shore of damages to compensate North Shore for Royal's breach of the Agreement;

e.  Such other and further relief as the Court deems just and proper.

Date:  April 13, 2020

*Electronically signed by William Walsh*
William Walsh
walshlaw45@msn.com

LAW OFFICE OF WILLIAM M. WALSH, LLC
120 S. State Street, Suite 400
Chicago, IL 60603
Telephone: (708) 917-6124
Attorney No. 6194203
Local Counsel

Christopher P. Banaszak
cbanaszak@reinhartlaw.com
Andrea M. Davenport
adavenport@reinhartlaw.com
Christopher K. Schuele
cschuele@reinhartlaw.com
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
Telephone: (414) 298-1000
Pro Hac Vice Application Pending

Attorneys for Plaintiff, North Shore Bank,
F.S.B.

43407126v3

EX. A

August 23, 2019

Roger Hernandez, Director
Olsen Palmer LLC
1580 South Milwaukee Avenue, Suite 503
Libertyville, IL 60048

Re:     Branch Divestiture – North Shore Bank, FSB
        <u>Non-binding Indication of Interest for the:</u>

   1. McHenry Office; and,
   2. Lake in the Hills Office

Dear Mr. Hernandez:

  Pursuant to our discussions and the information you have provided, Royal Financial, Inc. ("Royal Financial") and its wholly-owned subsidiary, Royal Savings Bank ("Royal Savings" or the "Bank"), are pleased to submit this non-binding indication of interest to assume certain assets and certain liabilities associated with certain bank branch office operations (the "Subject Branches") that are being sold by North Shore Bank, FSB ("North Shore"). We are providing this indication of interest on the two (2) branches as detailed in your "Project Prairie – Summary of Opportunity" informational memorandum dated June 2019. The Subject Branches are as follows:

   1. The McHenry Banking Office, McHenry, IL; and,

   2. The Lake in the Hills Banking Office, Lake in the Hills, IL

This indication of interest is subject to a due diligence review of the Subject Branches, our board of directors' approval, and the negotiation of a mutually-acceptable purchase and assumption agreement. The following are the principal components of our indication of interest:







[remainder of page intentionally left blank]

Very Truly Yours,

Royal Financial, Inc.

By: _____

Leonard Szwajkowski
President and CEO

Agreed to and accepted by

North Shore Bank, FSB

By: _____

Print Name: _____
Title: _____

Dated: _____

4831-0703-0434, v. 1

EX. B



**PURCHASE AND ASSUMPTION AGREEMENT FOR THE
MCHENRY OFFICE AND LAKE IN THE HILLS OFFICE**


**by and between**


**ROYAL SAVINGS BANK**


**And**


**NORTH SHORE BANK, F.S.B.**



**October 28, 2019**

# TABLE OF CONTENTS

███████████████████████████████████████████

██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████

███████████████████████████████████████████

██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████

███████████████████████████████████████████

██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████

███████████████████████████████████████████

██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████
██ ███████████████████████████████████████

███████████████████████████████████████████

██ ███████████████████████████████████████
██ ███████████████████████████████████████

███████████████████████████████████████████

██ ███████████████████████████████████████
██ ███████████████████████████████████████







## PURCHASE AND ASSUMPTION AGREEMENT

This Purchase and Assumption Agreement (this "**Agreement**") is made and entered into this 28th day of October, 2019, by and between NORTH SHORE BANK, F.S.B. ("**Seller**"), a federally chartered savings bank having its home office in Brookfield, Wisconsin, and ROYAL SAVINGS BANK ("**Buyer**"), an Illinois state-chartered savings bank having its home office in Chicago, Illinois.

### RECITALS:

A.      Seller maintains facilities located at 1689 North Curran Road, McHenry, Illinois 60050 and 1301 Pyott Road, Lake in the Hills, Illinois 60156 (the "**Target Facilities**"); and

B.      Buyer desires to purchase and assume from Seller, and Seller desires to sell and assign to Buyer, certain assets and liabilities attributable to the Target Facilities, including, but not limited to, the Deposit Liabilities, Owned Real Estate and Fixed Assets (each as defined below), in accordance with the terms and subject to the conditions set forth in this Agreement.

### AGREEMENT:

NOW THEREFORE, in consideration of the recitals, the mutual representations, covenants and agreements hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Buyer and Seller hereby agree as follows:









































































IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers thereunto duly authorized, all as of the date first above written.

**SELLER:**

**NORTH SHORE BANK, F.S.B.**

By:_____

    Name: Jay McKenna
    Title: President

**BUYER:**

**ROYAL SAVINGS BANK**

By:_____

    Name:  Leonard Szwajkowski
    Title:  President & CEO

*[Signature Page to Purchase and Assumption Agreement]*

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be duly executed by their respective officers thereunto duly authorized, all as of the date first above written.

**SELLER:**

**NORTH SHORE BANK, F.S.B.**

By:_____
     Name: Jay McKenna
     Title: President

**BUYER:**

**ROYAL SAVINGS BANK**

By:_____
     Name: Leonard Szwajkowski
     Title: President & CEO

*[Signature Page to Purchase and Assumption Agreement]*

EXHIBIT A







EXHIBIT B







EXHIBIT C

**EXHIBIT C**







EXHIBIT D







EXHIBIT E







## EXHIBIT A



EXHIBIT F







## EXHIBIT A



EXHIBIT G







EXHIBIT H











Telephone: 312.456.3406      **Mark Ryerson**      email: mryerson@howardandhoward.com

January 29, 2020

VIA EMAIL TO: jreichert@reinhartlaw.com

John Reichert
Reinhart Boerner Van Deuren S.C.
N16 W23250 Stone Ridge Drive
Waukesha, WI 53187

Dear Mr. Reichert,





Very truly yours,

HOWARD & HOWARD ATTORNEYS PLLC

By: _____
      Mark Ryerson

CC:    Leonard Szwajkowski (via email to lszwajkowski@royal-bank.us)
        Toni Gonzalez (via email to tgonzalez@royal-bank.us)
        Colleen Thomiszer (via email to cthomiszer@royal-bank.us)

4816-3049-0547, v. 4



EX. D


Telephone: 312.456.3406 **Mark Ryerson** email: mryerson@howardandhoward.com

April 7, 2020

VIA EMAIL TO: jreichert@reinhartlaw.com

John Reichert
Reinhart Boerner Van Deuren S.C.
N16 W23250 Stone Ridge Drive
Waukesha, WI 53187

Dear John,

We are writing this letter to address concerns raised by our client, Royal Savings Bank (the "**Buyer**") with respect to certain actions of Seller, in addition to those we previously addressed in our letter to you dated January 29, 2020 (the "**Prior Letter**") and via subsequent emails and telephone conversations. These additional concerns constitute multiple violations pursuant to that certain Purchase and Assumption Agreement for the McHenry Office and Lake in the Hills Office by and between Royal Savings Bank and North Shore Bank, F.S.B, dated October 28, 2019 (the "**Agreement**"). Certain of the actions of Seller and the associated violations of the Agreement are described more fully below. Capitalized terms used but not defined herein shall have the meanings prescribed to such terms in the Agreement.





Howard & Howard
law for business·



Very truly yours,

HOWARD & HOWARD ATTORNEYS PLLC

By: _____
   Mark Ryerson

CC: Leonard Szwajkowski (via email to lszwajkowski@royal-bank.us)
Toni Gonzalez (via email to tgonzalez@royal-bank.us)
Colleen Thomiszer (via email to cthomiszer@royal-bank.us)

4835-2124-6390, v. 5

Howard & Howard
law for business·

EX. E



April 10, 2020

VIA MAIL AND EMAIL TO: jaym@northshorebank.com

Mr. Jay McKenna
North Shore Bank, F.S.B.
15700 West Bluemound Road
Brookfield, WI 53005

Dear Jay,

Reference is made to that certain Purchase and Assumption Agreement for the McHenry Office and Lake in the Hills Office by and between Royal Savings Bank ("**Buyer**") and North Shore Bank, F.S.B ("**Seller**"), dated October 28, 2019 (the "**Agreement**"). Capitalized terms used but not defined herein shall have the meanings prescribed to such terms in the Agreement.

In previous correspondence to your counsel dated January 29, 2020 and April 7, 2020 (together, the "**Prior Correspondence**"), our attorneys outlined a number of actions that have been taken by Seller which constitute breaches of the Agreement.





Sincerely,

Leonard Szwajkowski
President & CEO
Royal Savings Bank

CC:    (via mail and email to: jreichert@reinhartlaw.com)

Reinhart Boerner Van Deuren S.C.
N16 W23250 Stone Ridge Drive
Waukesha, WI  53187
Attention: John T. Reichert

Mark Ryerson (via email to mryerson@howardandhoward.com)
Robert Ambrose (via email to rambrose@howardandhoward.com)

4839-1408-4025, v. 3